**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

YONGZHI ZHANG,

Petitioner,

v. Case No. 2:26-cv-02585 KWR-KRS

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE since November 2025. Petitioner previously received a bond hearing pursuant to 8 U.S.C. § 1226(a). Bond was denied. Petitioner now asserts that his detention is prolonged and he requests release. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of China and is currently detained by ICE at the Otero County Processing Center. Petitioner asserts he entered the United States in 2024. He was detained by immigration authorities in November 2025. An immigration judge issued a removal order on January 21, 2026, which Petitioner appealed. It appears his appeal remains pending.

This is Petitioner's second habeas petition challenging his immigration detention. The Court previously granted relief in part, ordering Respondents to hold a bond hearing under 8 U.S.C. § 1226(a). *See* Order, *Zhang v. Warden,* 2:26-cv-1055 MLG-SCY (D.N.M. May 18, 2026), Doc. 8. Petitioner received a bond hearing on May 21, 2026 and the immigration judge denied bond. The immigration judge reasoned as follows in his written order:

> The Respondent entered the US without inspection in August of 2024. The Respondent was ordered removed from the US during an Individual Merits hearing on January 21, 2026. The Respondent later filed an appeal of that order. The Court finds that the Respondent is a flight risk due to his speculative relief (pending removal from IJ ruling) and his manner of entry (Respondent entered without inspection in attempt to circumvent US immigration laws).

Doc. 1-4 at 2.

Petitioner asserts that the claim in this case is distinct from the claims in his prior case. He asserts that his detention has now become prolonged in violation of due process. This prolonged detention issue has no bearing on the pending Motion to Enforce filed in his first habeas case.

Although Respondents failed to file a response, Petitioner bears the burden of showing a violation of the constitution or laws of the United States, and the Court may not presume a constitutional violation occurred. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed

material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

**DISCUSSION**

First, Petitioner appears to assert that his prolonged detention violates due process. To the extent he asserts a procedural due process claim, that claims fails. Petitioner was detained in November 2025. He received a bond decision under § 1226(a) in May 2026. Thus, Petitioner received the remedy for prolonged detention, a bond hearing under § 1226(a). Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to another hearing at this time or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[1] The Court would follow *Borbot* and *Rodriguez* and conclude he is not entitled to another bond hearing.

Second, to the extent he asserts a *Zadvydas* claim, that claim fails. In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention

---

[1] The Court notes that these decisions were fact-dependent, and the opinions generally did not rule out finding prolonged detention under different factual circumstances.

under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.* Similarly, in a published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a removal order with an appeal pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). Petitioner has not demonstrated that his detention is indefinite or his appeal of his removal order will not be processed.

Third, to the extent Petitioner asserts a substantive due process claim, that claims also fails. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Id.* at 747. Detention pending a removal decision "necessarily serves the purpose of

preventing deportable [ ] aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore v. Kim,* 538 U.S. 510, 528 (2003) (considering mandatory detention under §1226(c)).

Here, Petitioner has been detained for approximately eleven months, but he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is punitive. Petitioner was detained in November 2025. A removal order was issued in January 2026, which Petitioner appealed. The appeal remains pending. Petitioner has not argued or presented evidence that his removal proceedings will not be adjudicated or processed. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, his detention is rationally related to the legitimate governmental purpose of adjudicating his removal and ultimately removing him from the country. He is not being mandatorily detained. Rather, an immigration judge decided he should be detained as he is a flight risk. Petitioner does not demonstrate how his detention is excessive in relation to its purpose. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal proceedings. Therefore, Petitioner's substantive due process claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE